**Ronald Lee RHODES, Plaintiff–
Appellant,**

v.

**Robert D. HANNIGAN; G.B.
Whittington, Defendants–
Appellees.**

**No. 93–3127.**

United States Court of Appeals,
Tenth Circuit.

Dec. 21, 1993.

Ronald Lee Rhodes, pro se.

Robert T. Stephan, Atty. Gen., John J. Knoll, Asst. Atty. Gen., Topeka, KS, for defendants-appellees.

Before ANDERSON and EBEL, Circuit Judges, and WINDER,* District Judge.

EBEL, Circuit Judge.

Plaintiff-appellant Ronald Lee Rhodes appeals the district court's dismissal of his civil rights action, brought pursuant to 42 U.S.C. § 1983. Because the district court erred in finding Mr. Rhodes' § 1983 action precluded

by his previous state habeas corpus action, we reverse and remand for further proceedings.[1]

In December 1989, Mr. Rhodes was incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. Upon a report that Mr. Rhodes was inciting an outbreak of racially motivated violence at the prison food service area, he was placed in administrative segregation. Pursuant to Kansas Administrative Regulation § 44–14–302(g), Mr. Rhodes was classified as an "other security risk," which entitled the prison officials to segregate him immediately.

Although Mr. Rhodes was placed in administrative segregation on Friday, December 8, 1989, he was not granted a hearing until the following Tuesday, December 12, 1989. Mr. Rhodes was never given written notice of the grounds for placing him in segregation. In addition, no written explanation of the threat posed or justification for the segregation was sent to the Secretary of Corrections, as required by Kansas Administrative Regulation § 44–14–302(g). Mr. Rhodes remained in administrative segregation until December 18, 1989, when he was transferred to another facility.

On February 15, 1990, Mr. Rhodes filed a petition for writ of habeas corpus in the district court of Reno County, Kansas. Although his petition was initially dismissed, the dismissal was reversed on appeal, and the case was remanded for an evidentiary hearing. On August 21, 1992, the state court granted Mr. Rhodes' petition, finding that he had not been afforded adequate notice of the reasons for his administrative segregation. The court ordered that all references to the segregation be expunged, and that no information learned during the proceeding could be used by the Department of Corrections.

On October 30, 1991, Mr. Rhodes filed this action for damages pursuant to 42 U.S.C. § 1983, alleging that his Eighth and Fourteenth Amendment rights were violated by

---

* Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

placing him in administrative segregation, without justification, and without proper notice. After the state court granted Mr. Rhodes' petition for habeas relief, the federal district court dismissed Mr. Rhodes' § 1983 action on the ground that it was barred by res judicata. This appeal followed.

Summary judgment decisions are reviewed de novo, applying the same standards as those employed by the district court under Fed.R.Civ.P. 56(c). *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991). Summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Id.*

The doctrine of res judicata prohibits litigation of certain claims based on the resolution of an earlier action between the same parties. "Under res judicata, a final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). In determining whether a state court judgment precludes a subsequent action in federal court, we must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment. 28 U.S.C. § 1738; *see also Allen,* 449 U.S. at 96, 101 S.Ct. at 415; *Koch v. City of Hutchinson,* 814 F.2d 1489, 1493–94 (10th Cir.1987), *cert. denied,* 488 U.S. 909, 109 S.Ct. 262, 102 L.Ed.2d 250 (1988).

In Kansas, res judicata applies when four conditions are met: "(1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made." *In re Estate of Reed,* 236 Kan. 514, 693 P.2d 1156, 1160–61 (1985). Claims for relief are identical if "the primary right and duty and delict or wrong is the same in each action." *Thompson–Hayward Chem. Co. v. Cyprus Mines Corp.,* 8 Kan.App.2d 487, 660 P.2d 973, 977 (1983).

Here, Mr. Rhodes' petition for habeas corpus and his § 1983 action are prem-

ised on different wrongs and request different relief. A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 489, 494, 93 S.Ct. 1827, 1836, 1838, 36 L.Ed.2d 439 (1973). In contrast, a civil rights action for damages pursuant to 42 U.S.C. § 1983 attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions. *Id.* at 499 & n. 14, 93 S.Ct. at 1841 & n. 14.

Several Kansas courts have held that a suit for injunctive relief involves a different cause of action than a suit for compensatory damages, and that, therefore, res judicata does not apply to preclude the damages action. *See Thompson–Hayward Chem. Co.,* 660 P.2d at 977–78 (holding that action seeking injunction to prevent termination of distributorship until passage of a reasonable period did not involve the same cause of action as a later suit for damages caused by termination of distributorship without reasonable notice); *Gage v. Leslie,* 123 Kan. 72, 254 P. 362 (1927) (holding that claim for specific performance of contract to exchange residences did not constitute same cause of action as claim for rent accrued during time property wrongfully withheld). Because Mr. Rhodes' lawsuits involve different causes of action, his § 1983 action is not precluded by the doctrine of res judicata.

An examination of federal law buttresses this conclusion. Recognizing the basic difference between the two causes of action, the United States Supreme Court has expressly sanctioned the practice of bringing a state proceeding for habeas corpus relief while simultaneously bringing a § 1983 action for damages in federal court, even when the claims arise out of the same set of facts. In *Preiser v. Rodriguez,* a prisoner's good time credits had been cancelled as a disciplinary measure. The Court explained that if the prisoner sought to attack both the conditions of his confinement and the fact or length of such confinement, the requirement that he first exhaust his state remedies for the latter habeas claim would "in no way preclude[ ] him from simultaneously litigating in federal

court, under § 1983, his claim relating to the conditions of his confinement." 411 U.S. at 499 n. 14, 93 S.Ct. at 1841 n. 14; *see also Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935 (1974) ("[C]laims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings.").

We, too, have recognized that although a § 1983 action and a habeas corpus action can be joined, there is no requirement that a prisoner do so. *See Wiggins v. New Mexico State Supreme Court Clerk,* 664 F.2d 812, 816 (10th Cir.1981) (holding that a prisoner's failure to join a federal habeas corpus action with a § 1983 claim for damages would not preclude him from asserting the damages claim in an independent action), *cert. denied,* 459 U.S. 840, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982).

In fact, strong policy reasons militate against precluding a prisoner's § 1983 claim because it was not raised in conjunction with an earlier petition for habeas corpus relief. "[W]rits of habeas corpus are intended to afford a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Johnson v. Rogers,* 917 F.2d 1283, 1284 (10th Cir.1990) (quoting *Fay v. Noia,* 372 U.S. 391, 400, 83 S.Ct. 822, 828, 9 L.Ed.2d 837 (1963), *overruled in part by Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)) (further citations omitted). Habeas corpus "is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination." *Van Buskirk v. Wilkinson,* 216 F.2d 735, 737–38 (9th Cir.1954); *see also* 28 U.S.C. § 2243 (setting out an expedited procedure for filing an answer, holding a hearing, and determining habeas corpus motions). Requiring that a prisoner join his § 1983 claim with his habeas petition or be forever barred will undermine the policy of providing a prompt habeas remedy by causing undue delay and unnecessarily expanding the scope of the habeas action.

In addition, if a subsequent § 1983 action were precluded, prisoners would be encouraged to add a civil rights claim simply out of fear that if they do not, they will lose the opportunity to assert the civil rights claim later. That would result in encouraging more litigation, not less. For these reasons, the district court erred in concluding that the doctrine of res judicata barred Mr. Rhodes' § 1983 action.

The judgment of the District Court of Kansas is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.