Don **CAMPBELL**, Reg. No. N–23385, Plaintiff,

v.

**ILLINOIS DEPARTMENT OF CORRECTIONS, et al.,** Defendants.

No. 92 C 3265.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 28, 1995.

Don Campbell, Waupun, WI, pro se.

Gregory A. McConnell, McDermott, Will & Emery, Chicago, IL, for plaintiff.

Illinois Department of Corrections, Susan Takata O'Leary, Illinois Department of Corrections, Chicago, IL, Vanessa Victoria Alexander, Illinois Attorney General's Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

Plaintiff Don Campbell brings this claim against the Illinois Department of Corrections, Michael O'Leary, Howard Peters, Charles Williams, John Groves, Michael Lane and Carol Mills, alleging that defendants kept him imprisoned beyond his legal release date in violation of the Eighth Amendment and the due process clause of the Fourteenth Amendment. Prior to this suit, plaintiff sought and obtained habeas corpus relief ordering his immediate release from custody. Defendants' move for summary judgment on the grounds that the doctrine of res judicata bars plaintiff's Section 1983 claim for damages.[1] For the reasons stated below, the court denies defendants' motion.[2]

### Background

In October 1983, plaintiff Don Campbell was convicted of residential burglary and sentenced to four and one half years imprisonment. (Defs. 12(M) Statement ¶ 10.) On February 29, 1986 he commenced a two year Mandatory Supervised Release ("M.S.R.") term. (Id. ¶ 14.) On July 23, 1986 the police arrested Campbell for unlawful use of a weapon. He began serving a two year sentence for that crime on December 10, 1986. (Id. ¶ 15.) Campbell's M.S.R. violation enhanced his new sentence to include the remainder of his M.S.R. time as well as additional time not served from his previous sentence in prison. (Id. ¶¶ 19, 21, 26, 27, 30.)

Campbell suspected errors in his total sentence calculation and wrote numerous letters to prison officials. Dissatisfied with the way the prison officials handled his complaints, Campbell filed a state habeas corpus petition on April 8, 1988. (Id. ¶ 45.) In an unpublished opinion, the Third District Appellate Court of Illinois found that the plaintiff's incarceration exceeded his maximum sentence and remanded the case back to the circuit court. Campbell v. Illinois Department of Corrections, 907 F.Supp. 1173, 1176 (N.D.Ill.1995) (citing Campbell v. O'Leary, 190 Ill.App.3d 1108, 158 Ill.Dec. 64, 573 N.E.2d 877 (1989)). On July 30, 1990 the Circuit Court of Will County determined that plaintiff's sentence should have run to June 16, 1988, "and in any event no later than June 16, 1989," and ordered his immediate release. Id.

### Discussion

The court now considers whether plaintiff's previous habeas corpus claim in state court bars his present claim for damages pursuant to 42 U.S.C. § 1983. Defendants maintain that under the doctrine of res judicata plaintiff was obligated to raise his Section 1983

---

1. 42 U.S.C. § 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. Defendants initially set forth several theories to support their motion for summary judgment. However, through agreement of the parties and the Court, they address only the issue of res judicata at this time. (Pl.'s Resp. at 1; Defs.' Reply at 1.)

claim in his habeas corpus action because the two claims essentially form the same cause of action. They argue that although plaintiff premises his Section 1983 claim for damages on a different type of relief than the prior habeas corpus action, Illinois law requires plaintiff to assert all theories of recovery in the same action. (Defs.' Mem. in Supp. at 27–29.) Defendants thus contend that plaintiff should have either filed a writ of mandamus or joined the two claims in the first instance. Plaintiff responds that state law prohibited him from seeking monetary damages in his initial state habeas corpus action and from joining the two claims in one suit. Therefore, the two actions were not the same for res judicata purposes.

■ The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). A federal court must give a state court judgment the same preclusive effect that the rendering state would give such judgments. *See Koen v. City of Cairo*, 909 F.2d 992, 996–97 (7th Cir.1990) (citing 28 U.S.C. § 1738) (federal courts required to give state court judgments same full faith and credit as state court would). Thus, res judicata bars the subsequent federal claim if: (1) under the law of the forum state the doctrine of res judicata would bar the claim and (2) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the claim or issue. *Lolling v. Patterson*, 966 F.2d 230, 235 (7th Cir.1992).[3] Under Illinois law, the three essential elements of res judicata are: (1) final judgment on the merits in the prior suit (2) identity of parties or their privies in the two suits and (3) identity of causes of action in the two suits. *Id.; People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill.2d 285, 176 Ill.Dec. 874, 879, 602 N.E.2d 820, 825 (1992).

■ Though narrow on its face, the third element of res judicata is relatively broad in scope and application. In Illinois, two suits constitute the same cause of action if either of two tests is met: the "proof test" (essentially the same evidence used to sustain one action sustains the subsequent claim) or the "transactional test" (the two actions arise out of the same factual situation). *Koen*, 909 F.2d at 998. Moreover, "the bar of res judicata extends not only to questions actually decided but also to all grounds of recovery and defenses which might have been presented in the prior litigation between the parties." *Lolling*, 966 F.2d at 235 (citations omitted). Thus, res judicata may preclude a claim arising out of the same set of facts or evidence as an earlier litigated one, even if the later claim seeks dissimilar relief. *Torcasso v. Standard Outdoor Sales*, 157 Ill.2d 484, 193 Ill.Dec. 192, 195, 626 N.E.2d 225, 228 (1993); *see Koen*, 909 F.2d at 999 (res judicata bars federal suit based on the same facts as prior mandamus action); *Wozniak v. County of DuPage*, 845 F.2d 677, 681 (7th Cir.1988) (change of claim for relief from mandamus to damages action does not prevent application of res judicata).

■ However, the third element does not extend to situations in which the initial forum did not have the power to award the full measure of relief sought in the later litigation. *Burgos v. Hopkins*, 14 F.3d 787, 790 (10th Cir.1994); *see Garry v. Geils*, 874 F.Supp. 195, 199 (N.D.Ill.1995) (res judicata bars later federal claim if plaintiff had adequate opportunity to present it in earlier state proceeding). As explained in the Restatement (Second) of Judgments § 26(1)(c):

> The general rule [against relitigation of a claim] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to pre-

---

**3.** The second requirement is met if the prior state proceeding met minimum procedural due process requirements of the Fourteenth Amendment.

*Lolling*, 966 F.2d at 235. The parties do not dispute this issue.

clude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

In the instant case, the third element of res judicata, identity of causes of action, is not satisfied. "Formal jurisdictional and statutory barriers" clearly prevented Campbell from recovering damages in his initial habeas corpus action. *See Burgos,* 14 F.3d at 791. The Illinois habeas corpus statute permits prisoners to apply for relief from unlawful imprisonment, but it does not provide for relief in the form of damages. 735 ILCS 5/10–102. This is wholly consistent with the traditional function of the writ of habeas corpus: release from unlawful imprisonment. *Preiser v. Rodriguez,* 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973). Given this traditional function, the Supreme Court has held that "if a state prisoner [seeks] damages, he [attacks] something other than the fact or length of his confinement and he [seeks] something other than immediate or more speedy release." Therefore, "in the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Id.* at 494, 93 S.Ct. at 1838.

Indeed, the recent Supreme Court decision in *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), positively prohibits the joining of a Section 1983 damages claim with a habeas corpus action. In *Heck,* the Court held that a successful habeas corpus petition is an indispensable prerequisite to a Section 1983 damages claim. The Court dismissed an inmate's Section 1983 action for damages against state officials because plaintiff had not yet challenged, and the court had not yet overturned, his conviction. *Id.,* at ——, 114 S.Ct. at 2372. The Court stated that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal autho-

rized to make such a determination, or called into question by a federal court's issuance of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983.

*Id.,* at ——, 114 S.Ct. at 2372. The Seventh Circuit held in *Perez v. Sifel,* 57 F.3d 503 (7th Cir.1995), that *Heck* barred appellant's Section 1983 claims because "appellant had not yet successfully challenged his conviction." *Id.* at 505. While the court did not directly address the issue of res judicata, it indirectly rejected it as a bar by preserving appellant's right to "renew these [Section 1983] claims if he ever succeeds in overturning his conviction." *Id.*

In light of these precedents, this court holds that res judicata does not bar Campbell's present Section 1983 claim. This holding is consistent with *Heck* and with two circuit court cases that preceded *Heck* but closely parallel the facts of the instant case. In *Burgos v. Hopkins,* 14 F.3d 787 (2d Cir. 1994), the Second Circuit determined that res judicata did not bar an inmate's Section 1983 claim for damages because the state court deciding his petition for habeas corpus could not award him damages. *Id.* at 789, 792. Similarly, in *Rhodes v. Hannigan,* 12 F.3d 989 (10th Cir.1993), the Tenth Circuit held that an ex-prisoner's claim for damages involved a different cause of action than his prior habeas corpus claim, even though both actions stemmed from his placement in administrative segregation "without justification and without proper notice." *Id.* at 990–91. The Court stated:

> A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release.... In contrast, a civil rights action for damages pursuant to 42 U.S.C. Section 1983 attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.

*Id.* at 991 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 489, 494, 499, 93 S.Ct. 1827, 1836, 1838, 1841, 36 L.Ed.2d 439 (1973)). Because the initial forum could not entertain plaintiff's subsequent Section 1983 action for dam-

ages, res judicata did not preclude the subsequent action. *Id.* at 991.

Defendants rely on a single district court opinion, *Rooding v. Peters,* 876 F.Supp. 946, 947 (N.D.Ill.1995) ("*Rooding II* "), which held under the doctrine of res judicata that plaintiff's writ of mandamus for excessive incarceration barred his subsequent Section 1983 action for damages. Defendants' reliance on *Rooding II* is misplaced for two reasons. First, *Rooding II* involved a writ of mandamus rather than a writ of habeas corpus. By contrast, the two circuit court cases, *Burgos* and *Rhodes,* involved a writ of habeas corpus. Second, to the extent the reasoning in *Rooding II* applies to a writ of habeas corpus, it contradicts not only *Burgos* and *Rhodes* but also the Supreme Court's holding in *Heck.* On a motion to vacate judgment, the district judge himself recognized the inconsistency between *Heck* and *Rooding II. See Rooding v. Peters,* No. 94–C–1070, 1995 WL 109316, at \*1 (N.D.Ill. March 10, 1995) ("*Rooding III* ") ("[I]n light of *Heck,* and related cases there is some doubt whether plaintiff could have joined his 1983 claim with his state mandamus action.").

Defendants also argue that plaintiff "could have and should have" either (1) filed a writ of mandamus or a false imprisonment claim, under which damages are recoverable, or (2) joined his Section 1983 claim with his initial state habeas corpus action. (Defs.' Mem. in Supp. at 29.) The court rejects both contentions. With respect to the first contention, the Supreme Court stated in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that habeas corpus is the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate release." *Id.* at 489, 93 S.Ct. at 1836. The holdings in *Heck, Burgos,* and *Rhodes* defeat defendants' second argument. Under *Heck,* the Illinois state court could not award damages to Campbell until it overturned his sentence. Accordingly, Campbell could not file his Section 1983 claim until the state granted his habeas corpus petition. Therefore, as "statutory and jurisdictional" barriers precluded Campbell's recovery of damages in his initial action, res judicata will not bar his subsequent Section 1983 claim for damages, even though it arises from the same factual circumstances. *Burgos,* 14 F.3d at 791; *Rhodes,* 12 F.3d at 991.

### Conclusion

For the foregoing reasons, the court denies defendants' motion for summary judgment. The court instructs the parties to discuss settlement before the next court date.