**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRETT D. WHEELER,

      Petitioner-Appellant,

v.

ROBERT D. HANNIGAN; CARLA
STOVALL, Attorney General of Kansas,

      Respondents-Appellees.

No. 01-3289

(D.C. No. 99-CV-3236-DES)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HENRY** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Petitioner Brett Wheeler, a state prisoner appearing pro se, seeks a certificate of

appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2241

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

habeas petition.  Because he has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

On August 13, 1996, while confined at the Lansing Correctional Facility, Wheeler was asked by prison officials to take a urinalysis test.  The request was based upon prison officials' receipt of information from an informant indicating that Wheeler had used illegal drugs.  Wheeler complied with the request and his sample tested negative.  Because, however, the sample was nearly colorless, prison officials suspected Wheeler of consuming a large amount of liquid to dilute the sample and avoid detection.  Approximately twelve hours later, prison officials requested that Wheeler take a second urinalysis test and the second sample tested positive.  Wheeler was convicted of a disciplinary infraction and punished by fifteen days in disciplinary segregation and a ten-dollar fine.  After exhausting administrative remedies, Wheeler challenged the disciplinary proceedings by filing a state habeas petition.  The state district court and the Kansas Court of Appeals (KCA) denied relief on the merits.  The Kansas Supreme Court denied Wheeler's petition for review.

Wheeler then filed a federal habeas petition.  The petition asserted (1) that the request for a second urinalysis test violated his Fourth Amendment rights, and (2) the prison hearing officer violated his rights to due process and confrontation by accepting testimony from a corrections officer concerning a prison pharmacist's statements that

2

Wheeler's prescription medications could not have caused a false positive urinalysis. The district court denied relief, concluding the Kansas courts had properly resolved Wheeler's claims.

We are not persuaded that Wheeler has made a proper claim for federal habeas relief. It is uncontroverted that Wheeler's disciplinary conviction resulted in a monetary fine and temporary placement in disciplinary segregation, but there is no indication that it had any effect on Wheeler's release date (e.g., by depriving him of good time credits). Thus, it appears that a grant of relief in Wheeler's favor would have no effect on the duration of his confinement. See Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993) (noting that a habeas corpus proceeding "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement"); see also United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995) (concluding imposition of a monetary fine is not a sufficient restraint on liberty to meet the "in custody" requirement of a federal habeas action); United States v. Segler, 37 F.3d 1131, 1137 (5th Cir. 1994) (same); Hanson v. Circuit Court, 591 F.2d 404, 407 (7th Cir. 1979) (holding "that a fine-only conviction is not a restraint on individual liberty").

Even assuming that the disciplinary infraction had some effect on the duration of Wheeler's confinement, we are not persuaded that Wheeler has made a substantial showing of the denial of a constitutional right. In challenging the second (positive) urinalysis, Wheeler argues that prison officials violated their own internal management

3

procedures, which permit drug testing if, among other things, an inmate is suspected of contraband drug usage. Although Wheeler acknowledges that prison officials had reasonable suspicion to request the first urinalysis, he contends the negative results of that test should have eliminated any such suspicion. The KCA rejected Wheeler's argument, concluding that the "informant's initial tip that [Wheeler] had used illicit drugs was still fresh," and that "[t]his information coupled with the appearance of deception and evasion to avoid drug detection provided even stronger grounds for suspicion of drug usage than existed when the first test was requested." Wheeler v. McKune, Case No. 80,854 at 4 (Kan. Ct. App. Dec. 24, 1998). We are not persuaded that, in reaching this conclusion, the KCA unreasonably applied clearly established federal law. See 28 U.S.C. § 2254(d)(1); see generally Bell v. Wolfish, 441 U.S. 520, 559 (1979) (discussing the "test of reasonableness under the Fourth Amendment" for searches involving inmates).

The KCA also rejected Wheeler's due process challenge to the admission of hearsay testimony at the disciplinary hearing. In doing so, the KCA began by noting that neither placement in disciplinary segregation, nor the extraction of a monetary fine, generally implicated an inmate's due process rights. Continuing, the KCA noted that even if Wheeler's due process rights were implicated, those rights were not violated by admission of the challenged testimony. More specifically, the KCA concluded, citing Wolff v. McDonnell, 418 U.S. 539, 568 (1974), that the right to cross-examine the pharmacist was a matter that fell within the sound discretion of the hearing officer. We

4

are not persuaded the KCA's decision was unreasonable.  <u>See</u> 28 U.S.C. § 2254(d)(1).

Wheeler's request for default judgment is DENIED.  His request for a certificate of appealability is DENIED and the appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge