**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WENDELL ELLIOT RICCO,

      Petitioner - Appellant,

v.

N.L. CONNER, Warden; K. SWEET,
Officer,

      Respondents - Appellees.

No. 04-3173
(D. Kansas)
(D.Ct. No. 03-CV-3036-RDR)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Wendell Elliot Ricco, a federal prisoner appearing *pro se*, appeals from the

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

district court's dismissal of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The petition challenges Ricco's disciplinary conviction and resultant sanctions for violating Bureau of Prisons (BOP) Code 205. *See* 28 C.F.R. § 541.13 Table 3. Our jurisdiction arises under 28 U.S.C. § 2253 (a), and we affirm

## I. BACKGROUND

Ricco, an inmate at Leavenworth, was found masturbating in his cell by a prison officer during the 3 a.m. bed count on May 25, 2002. According to the officer's report, Ricco "was sitting on the edge of his bunk stroking his penis with his right hand. He had his boxers pulled down with his penis fully exposed. His cell lights were on and he made no attempt to stop what he was doing." (R., Doc. 1, Ex. A.) Ricco was charged with "Engaging in a sexual act" in violation of 28 C.F.R. § 541.13, Table 3, code 205. He was found guilty by a Discipline Hearing Officer in June 19, 2002, following administrative discipline proceedings. Sanctions of some form were imposed.

Ricco filed a habeas petition in the United States District Court for the District of Kansas under 28 U.S.C. § 2241 claiming that he was unlawfully disciplined for engaging in a sex act. He argued that masturbation is not a "sex act" prohibited by 28 C.F.R. § 541.13, Table 3, code 205. The district court dismissed Ricco's Habeas petition, holding that the behavior described in the

incident report was sufficient to establish the commission of a sexual act in violation of 28 C.F.R. § 541.13, Table 3, code 205. Ricco filed a Motion for Reconsideration on December 3, 2003, renewing his original argument. The district court denied Ricco's Motion for Reconsideration on April 29, 2004. The district court granted Ricco leave to proceed on appeal *in forma pauperis*.[1] Ricco appeals from the order of dismissal and the order denying the motion for reconsideration.

## II. DISCUSSION

Habeas proceedings are typically brought under § 2241 to challenge the legality of custody and secure either release from illegal custody or a shortened period of confinement. *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993). However, "a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). This is because prison disciplinary proceedings, such as the deprivation of good-time credits, affect the fact or duration of the prisoner's custody. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Additionally, prisoners have a protected property interest in good time credits

---

[1] A certificate of appealability is not required for habeas corpus relief under 28 U.S.C. § 2241. *Bradshaw v. Story*, 86 F.3d 164, 165-66 (10th Cir. 1996).

which requires due process procedural protections before they can be revoked. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). To comport with the minimum requirements of procedural due process, the findings of the prison disciplinary board must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Ricco was found in violation of a High Category offense—engaging in sexual acts. 28 C.F.R. § 541.13, Table 3, code 205. High Category offenses are punishable by sanctions including parole date rescission, loss of good time credits, disciplinary transfer, segregation, monetary restitution, loss of privileges, change of quarters, removal from programs and group activities, loss of job, and the impoundment of personal property. 28 C.F.R. § 541.13, Table 3. Ricco argues that masturbation is not prohibited by 28 C.F.R. § 541.13, Table 3, code 205. That provision prohibits prisoners from "engaging in sexual acts."

On appeal, Ricco argues the term "sexual acts" should be given the definition found in the criminal statutes. Specifically, he points to 18 U.S.C. § 2246(2) where "sexual act" is defined as contact between one person's penis, mouth, hand or object and another's genitals or anus. He argues the prohibited sexual acts necessarily require the involvement of another person and thus, masturbation is not prohibited by 28 C.F.R. § 541.13, Table 3, code 205.

It is unclear from the record, however, whether Ricco has been denied good

time credits or subjected to another form of discipline which affects the duration of his imprisonment. Where a disciplinary action does not "work a major disruption in [a prisoner's] environment" or "inevitably affect the duration of his sentence," the prisoner has not suffered a hardship that triggers due process protections. *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Ricco's petition for habeas is devoid of any clear statement describing the nature of the disciplinary sanction. The district court specifically noted that "Petitioner does not specify whether he was penalized by the loss of good time credits." (R., Doc. 5 at 2.) The only disciplinary action apparent in the record is Ricco's claim that his "record and file will be damage [sic] for life as well as his character 'assassinated FOREVER![']" (R., Doc. 7 at 2.) Character assassination does not affect the duration of Ricco's imprisonment nor is it a formal disciplinary action and thus is not subject to review under § 2241. Additionally, the alleged damage to his "record and file", standing alone, is insufficient disciplinary action for purposes of § 2241 as there is no indication that it affects the duration of his imprisonment.

     **AFFIRMED**.

              **Entered by the Court:**

              **Terrence L. O'Brien**
              United States Circuit Judge