**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 8, 2006**

**TENTH CIRCUIT**

TIMOTHY SCOTT GAMBLE,

 Petitioner - Appellant,

v.

EDWARD L. EVANS, Interim Director,
Oklahoma Department of Corrections,

 Respondent - Appellee.

No. 05-6283
(D. Ct. No. CIV-04-1658-W)
(W.D. Okla.)

---

**ORDER**

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Timothy Scott Gamble was convicted of the crime of murder in the first degree in Oklahoma state court and was sentenced to life imprisonment. While incarcerated for that offense, Mr. Gamble was charged with the prison misconduct offense of conspiracy to introduce contraband into a penal institution. After a hearing conducted by the Oklahoma Department of Corrections, Mr. Gamble was found guilty of the misconduct. As punishment, certain good time credits Mr. Gamble earned were revoked.

Subsequently, Mr. Gamble filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that there was insufficient evidence to support the misconduct conviction, and that he was therefore denied due process when his earned credits were revoked and the offense was included in his record of incarceration. Edward Evans, the interim director of the Oklahoma Department of Corrections, filed a motion to dismiss the petition on the ground that Mr. Gamble was not entitled to federal habeas relief. The District Court granted the motion, finding that as an inmate serving a life sentence, Mr. Gamble did not have a liberty interest in the earned credits he seeks to recover and therefore due process was not implicated when the credits were revoked.

The District Court also refused to grant a certificate of appealability ("COA"). Although Mr. Gamble did not renew his request for a COA in this Court, we construe his notice of appeal and accompanying brief as such a request. *See United States v. Gordon*, 172 F.3d 753, 753–54 (10th Cir. 1999). To obtain a COA the applicant must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that the issues he seeks to raise are deserving of further proceedings, or "reasonably debatable among jurists of reason," *see Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

Mr. Gamble first asserts that he has a liberty interest in his earned good time credits, and because there was insufficient evidence brought forth in his misconduct proceedings, he was denied the due process to which he is entitled when those credits were revoked. To begin, it is well-established that "the requirements of procedural due process

apply only to the deprivation of those interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). It is also true that Oklahoma state law may create a liberty interest in earned good time credits. *See Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993). Oklahoma law also mandates, however, that "no deductions shall be credited to any inmate serving a sentence of life imprisonment." *See* Okla. Stat. tit. 57, § 138(A). Mr. Gamble is serving a life sentence. Therefore, despite the fact that Mr. Gamble has earned good time credits, he is not entitled to use them for early release and accordingly enjoys no liberty interest in them.

We confronted a similar issue in *Stephens v. Thomas*, 19 F.3d 498 (10th Cir. 1994). In that case, we interpreted a New Mexico statute that forbade granting good time credits to life-sentence prisoners before they had served ten years of their sentence. We held that "[t]he revocation of good time credits from a life term prisoner who has served less than ten years of his sentence . . . does not implicate the Due Process Clause." *Id.* at 501. Although this Court in a later, unpublished case, emphasized that due process generally attaches when credits are revoked, it distinguished *Stephens* by noting that there, "the inmates had no right to the credits in the first place." *Mayberry v. Ward*, 43 F. App'x 343, 346 (10th Cir. 2002).

We face a situation similar to the one at issue in *Stephens*. Mr. Gamble has no liberty interest in earned good time credits, and therefore he cannot show that reasonable jurists could debate whether his right to due process was violated. Accordingly, Mr.

Gamble is not entitled to a COA on this issue.

Next, Mr. Gamble argues that due process mandates the "bogus" conspiracy finding be expunged from his record. Because Mr. Gamble has failed to explain how such action would result in a shortened period of confinement, *see Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) (stating that the remedy available in a habeas proceeding is "immediate release or a shortened condition of confinement"), we do not consider this issue further.

Because Mr. Gamble has failed to make a substantial showing of the denial of a constitutional right, we deny Mr. Gamble's request for a COA.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge