**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

GNAMIEN C. MOMOU,

    Plaintiff - Appellant,

v.

SSM HEALTHCARE OF WISCONSIN,
INC., d/b/a SSM HEALTH ST. MARY'S
HOSPITAL,

    Defendant - Appellee.

No. 23-3167
(D.C. No. 6:22-CV-01175-JAR-GEB)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.
_____

Plaintiff Gnamien Momou appeals the district court's grant of summary

judgment in favor of defendant SSM Healthcare of Wisconsin, Inc., dba SSM Health

St. Mary's Hospital (SSM). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we

affirm the district court's judgment.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Acting pro se, Momou filed an amended complaint against SSM on May 1, 2023.  Momou alleged that his wife was diagnosed with cancer in August, 2016, and that SSM's actions in treating his wife's cancer ultimately led to her death in March 2020.[1]  Notably, Momou conceded in the amended complaint that he had previously sued SSM in federal court in Wisconsin, as well as in Dane County (Wisconsin) Circuit Court, and that both cases had been resolved against him.  Momou requested "the court to reopen [those] previous cases and summarily render judgment or reassign [those] cases" to Chicago, where he was currently living.[2]  *Id.* at 8.

SSM moved for summary judgment, asserting that Momou's "claims [we]re barred by the doctrine of claim preclusion, th[e] Court lack[ed] personal jurisdiction over SSM . . . , and venue [wa]s improper in" the district court.  *Id.* at 63.  In support, SSM included a statement of uncontroverted facts, which Momou neither responded to nor controverted.

SSM's statement of uncontroverted facts established that on January 8, 2020, Momou filed an action in federal district court in Wisconsin and asserted "claims of

---

[1] The body of the amended complaint also referred to a "Dr. John Doe" and "Radiologist John Doe," but did not specifically name Doe as a defendant.  R. at 9, 19.  Because the amended complaint was styled as "Amended Complaint for Damages.  Motion for Summary Judgement.  Relief demanded.  Motion to deny all Defendant's Motions," the district court clerk's office docketed the pleading both as an amended complaint and as a motion for summary judgment.  *Id.* at 8.  The district court subsequently denied Momou's motion for summary judgment without prejudice.

[2] In the amended complaint, Momou listed his address as an apartment in Chicago.  R. at 21.

2

state law medical malpractice and insurance law," as well as claims under various federal statutes, including the FTCA. *Id.* at 64. The Wisconsin federal court ultimately dismissed Momou's action for lack of subject matter jurisdiction, concluding that "Momou's claims sounded only in state law medical malpractice and insurance law," but "that there was no diversity of citizenship among the parties." *Id.* at 65. The Seventh Circuit affirmed the federal district court's decision.

SSM's statement of uncontroverted facts further established that while his federal appeal was pending in the Seventh Circuit, Momou filed an action in Wisconsin state court against SSM and other defendants asserting claims "under Wisconsin medical malpractice law, the FTCA," and various other federal statutes. *Id.* at 66. The state court dismissed the federal claims for lack of subject matter jurisdiction and granted summary judgment on Momou's state law claims (1) in favor of all defendants on statute of limitations grounds; and (2) in favor of SSM on the merits. Specifically, the state court granted judgment to SSM on the merits because it was merely a holding company and was not involved in the day-to-day operations of the hospital. Momou thereafter filed two unsuccessful motions to reopen the state court case but did not appeal the judgment.

Finally, SSM's statement of uncontroverted facts established that Momou's wife "was treated for ovarian cancer at SSM Health St. Mary's Hospital . . . in Madison, Wisconsin," and that all of Momou's "claims ar[o]se out of the treatment his wife received" there. *Id.* at 73.

3

The district court granted SSM's motion for summary judgment and entered final judgment in this case. First, the district court "agree[d] that claim preclusion applie[d] to the [Wisconsin state court's] decision granting summary judgment in favor of SSM on the state law claims [Momou] asserted in that action." *Id.* at 204. In support, the district court found (1) "an identity between the parties" because Momou sued SSM in the state court action, (2) "an identity of the causes of action," and (3) "[t]he [state court] granted summary judgment on the merits of the malpractice claims." *Id.* at 204–05.

But because the Wisconsin state court "did not rule on the merits of the[] federal claims" and instead "dismissed them for lack of subject matter jurisdiction," the district court next considered SSM's personal jurisdiction and venue challenges to those claims. *Id.* at 205. Regarding personal jurisdiction, the district court noted that because Momou's "wife's cancer diagnosis and treatment occurred in Wisconsin" and "[a]ll of her medical records were generated in Wisconsin," "the only way [Momou] c[ould] establish" SSM's "minimum contacts" with the State of Kansas "[wa]s through general jurisdiction." *Id.* at 206. The district court noted, however, that SSM was "neither incorporated in nor ha[d] its princip[al] place of business" in Kansas. *Id.* at 207. The district court also concluded that "the presence of some [SSM] affiliates in the State of Kansas d[id] not meet the standard" of contacts that "are so continuous and systematic as to render" SSM "essentially at home in" Kansas. *Id.* (internal quotation marks omitted). The district court thus concluded that Momou failed to "establish[] the requisite minimum contacts with

4

Kansas for personal jurisdiction over" SSM. *Id.* Lastly, the district court agreed with SSM "that venue [wa]s improper in the District of Kansas," *id.*, because SSM did not reside in Kansas, none of the events giving rise to Momou's claims occurred in Kansas, and SSM was not subject to personal jurisdiction in the District of Kansas.

Momou appeals.

## II

"We review the district court's summary judgment decision de novo, applying the same standards as the district court." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1046 (10th Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### *Claim preclusion*

We turn first to the district court's grant of summary judgment in favor of SSM with respect to Momou's state law claims. As noted, the district court concluded that the doctrine of claim preclusion prevented Momou from reasserting his state law claims in this action because the Wisconsin state court granted summary judgment on the merits of those claims in favor of SSM.

The doctrine of "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020). "If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or

defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

We apply Wisconsin state law on claim preclusion to this case because, "'[i]n determining whether a state court judgment precludes a subsequent action in federal court, we must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment.'" *Reed v. McKune*, 298 F.3d 946, 949 (10th Cir. 2002) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)). Under Wisconsin state law, "[c]laim preclusion has three requirements: '(1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits.'" *Clarke v. Wis. Elections Comm'n*, 998 N.W.2d 370, 393 (Wis. 2023) (quoting *Sopha v. Owens-Corning Fiberglas Corp.*, 601 N.W.2d 627, 637 (Wis. 1999)).

We agree with the district court that all three of these requirements are met as to the state law claims in this case: (1) Momou sued SSM in Wisconsin state court and asserted malpractice claims under Wisconsin state law; (2) the state court entered final judgment on the merits of those state law claims in favor of SSM; and (3) Momou has again sued SSM in this case and is attempting, in part, to assert the same state law malpractice claims that he asserted in Wisconsin state court.

Momou adequately raises only one appellate challenge. He maintains that "[t]he claim preclusion doctrine should be reconsidered in light of the constitutional

6

dimension involved—a fundamental right to access to medical information impacting individuals' health and well-being." Aplt. Br. at 9. But even if we assume, for purposes of argument, that there is a constitutional right of access to medical information, Momou fails to explain how that right would undercut the district court's claim preclusion analysis or otherwise provide a basis for disregarding the doctrine of claim preclusion. Because the Wisconsin state court judgment precludes Momou's state law claims, we affirm summary judgment in favor of SSM on those claims.

### Personal jurisdiction and venue

The district court, in granting summary judgment in favor of SSM with respect to Momou's federal claims, concluded that it lacked personal jurisdiction over SSM and that, in any event, venue was improper in the District of Kansas.[3] Momou mentions these rulings in his opening appellate brief, but offers no specific challenges to them. Instead, he merely asks this court to "reassess" or "[r]eevaluat[e]" those rulings. Aplt. Br. at 9.

"Under [Fed. R. App. P.] 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir.

---

[3] We question whether the district court had personal jurisdiction over SSM with respect to Momou's state law claims. But, because SSM did not raise that issue, we conclude that SSM has waived any personal jurisdiction defense with respect to Momou's state law claims. *See generally Est. of Cummings ex rel. Montoya v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 801 (10th Cir. 2018) (noting that the defense of lack of personal jurisdiction can be waived).

2005) (ellipsis and internal quotation marks omitted).  Although we review a pro se litigant's pleadings liberally, we will not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id.* at 840. Any argument not clearly made in a party's opening brief will be deemed waived. *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).  Accordingly, we conclude that Momou has waived any challenge to the district court's personal jurisdiction and venue rulings.

III

The judgment of the district court is AFFIRMED.  Momou's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED.

Entered for the Court


Nancy L. Moritz
Circuit Judge