**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMMIE RUNNELS, JR.,

    Defendant - Appellant.

No. 23-7036
(D.C. No. 6:21-CR-00176-PRW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Timmie Runnels, Jr., pled guilty to two offenses under a plea agreement that included a waiver of his right to appeal his sentence.  Mr. Runnels appealed his sentence, arguing the district court incorrectly calculated his criminal history score.  The Government argues we should dismiss based on the appeal waiver.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), we enforce the appeal waiver and dismiss Mr. Runnels's appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

## I.  BACKGROUND

Mr. Runnels signed an agreement to plead guilty to being a felon in possession of a firearm and witness tampering in exchange for dismissal of other pending counts against him.  He "waive[d] the right to directly appeal the conviction and sentence" unless his sentence exceeded the statutory maximum.  ROA, Vol. I at 238.

At the change of plea hearing, the district court advised Mr. Runnels that he would waive his right to appeal if he entered into the plea agreement.  Mr. Runnels said he understood.  The court accepted his plea and sentenced him to the statutory maximum for his felon in possession conviction and below the statutory maximum for witness tampering.

Mr. Runnels timely appealed his sentence, arguing the district court miscalculated his criminal history score.  Although the Government did not file a motion to enforce the appeal waiver, it asks us to enforce the appeal waiver in its response brief.  Aplee. Br. at 12-18.  Mr. Runnels does not mention the appeal waiver in his opening brief.  *See* Aplt. Br. at 1-14.  He did not file a reply brief.

## II.  DISCUSSION

We enforce the appeal waiver.

We review de novo "[w]hether a defendant's appeal waiver set forth in a plea agreement is enforceable."  *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008).  To determine whether a defendant has waived an appeal, we examine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and

2

(3) whether enforcing the waiver would result in a miscarriage of justice." *United States*

*v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

"When determining whether a waiver of appellate rights is knowing and voluntary," "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether the court performed "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.* An appeal waiver "would result in a miscarriage of justice," *id.*, only if "the sentence exceeds the statutory maximum," "the district court relied on an impermissible factor such as race," "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid," or "the waiver is otherwise unlawful," *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (quotations omitted). !

The Government argues in its response brief that the appeal waiver applies. Aplee. Br. at 12-18.[1]  Because Mr. Runnels does not mention the appeal waiver in his opening brief, *see* Aplt. Br. at 1-14, and did not file a reply brief, he has waived any argument that his appeal waiver does not apply or is unenforceable, *see Est. of Cummings ex. rel. Montoya v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 801 (10th Cir. 2018) ("Failing to raise an issue on appeal . . . has the same consequences for that litigation as an adverse appellate ruling on that issue.").

---

[1] The Government's "[f]ailure to file a timely motion to enforce [the] appeal waiver does not preclude [it] from raising the issue in [its] merits brief." 10th Cir. R. 27.3(A)(3)(c).

Further, Mr. Runnels's appeal waiver applies.  His appeal falls within the scope of the waiver because he directly appeals his sentence and does not argue it exceeded the statutory maximum.  *See* ROA, Vol. I at 238 (plea agreement).  Mr. Runnels bears the burden to show his appeal waiver was not knowing and voluntary or would result in a miscarriage of justice, *Anderson*, 374 F.3d at 958, which he does not attempt to do.

Our independent review of the record confirms that Mr. Runnels knowingly and voluntarily waived his right to appeal and that enforcing the waiver would not result in a miscarriage of justice.  Mr. Runnels signed the plea agreement's acknowledgment that he "fully underst[ood] it and . . . voluntarily agree[d] to it without reservation," ROA, Vol. I at 247, and the district court adequately reviewed the appeal waiver with Mr. Runnels and confirmed that he understood it.  His sentence did not "exceed[] the statutory maximum." *Anderson*, 374 F.3d at 959 (quotations omitted).  The record does not indicate that "the district court relied on an impermissible factor such as race," his counsel was ineffective "in connection with the negotiation of the waiver," or "the waiver [wa]s otherwise unlawful." *Id.* (quotations omitted).  Mr. Runnels's appeal waiver is therefore enforceable.

## III.  **CONCLUSION**

We dismiss the appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

4