**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**March 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DEBORAH YOUNG, as Special
Administrator of the Estate of Gwendolyn
Young, deceased; ALMA MCCAFFREY,
as Personal Representative of the Estate of
Gregory Brown, deceased; CHRISTINE
WRIGHT, as Special Administrator of the
Estate of Lisa Salgado, deceased; DEIBY
H. REVILLA GUERRERO, Special
Administrator of the Estate of Bridget
Nicole Revilla,

     Plaintiffs,

v.

CORRECTIONAL HEALTHCARE
COMPANIES, INC.,

     Defendant - Appellee,

and

STANLEY GLANZ, Sheriff of Tulsa
County, in his individual capacity;
CORRECTIONAL HEALTHCARE
MANAGEMENT OF OKLAHOMA,
INC.; CORRECTIONAL HEALTHCARE
MANAGEMENT, INC.; CHRISTINE
ROGERS, R.N.; VIC REGALADO,
Sheriff of Tulsa County, in his official
capacity; DELETTA WASHBURN,

     Defendants.

------------------------------

DANIEL E. SMOLEN; ROBERT M.
BLAKEMORE,

No. 24-5033
(D.C. No. 4:13-CV-00315-IDJ-JFJ)
(N.D. Okla.)

Attorneys - Appellants.

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **MORITZ**, **MURPHY**, and **CARSON**, Circuit Judges.

———————————————

A jury held Tulsa County Jail's healthcare provider, Correctional Healthcare Companies, Inc. (CHC), liable for denying Gwendolyn Young (Gwendolyn) adequate medical care and awarded her daughter and personal representative, Deborah Young (Young), $14 million in compensatory damages and $68 million in punitive damages. CHC filed a motion for a new trial or remittitur, arguing that Young's attorneys, Daniel Smolen and Robert Blakemore, engaged in misconduct during the trial that impacted the verdict. The district court granted CHC's motion in part—ordering Young to accept either a reduced punitive-damages award of $7 million or a new trial on punitive damages. Young opted for a new trial, but her attorneys lodged this appeal challenging the district court's order. They ask us to reverse the attorney-misconduct findings that the district court relied on in granting CHC's motion. But

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

because we lack appellate jurisdiction to review the district court's order, we dismiss this appeal.

## Background

Gwendolyn died from a subdural hematoma while incarcerated in Tulsa County Jail, a facility that outsourced its medical care of inmates to CHC. Young then brought three claims against CHC and other defendants, asserting that they failed to provide Gwendolyn adequate medical treatment. One of those claims—a claim against CHC under 42 U.S.C. § 1983—went to trial, and the jury returned a verdict in Young's favor, awarding her $14 million in compensatory and $68 million in punitive damages.

CHC filed a motion for new trial or, in the alternative, remittitur. The company argued that the jury's verdict was a "direct result" of Young's attorneys' misconduct during trial, including "deliberate efforts to taint a potential juror, prejudicial comments, repeated violations of orders in limine, . . . crying during opening and closing statements and direct examination of witnesses, repeatedly referring to materials and information not in evidence, and multiple incidents of improper conduct during closing arguments." App. vol. 3, 644.

The district court issued a 72-page order partially granting CHC's motion. It found that Young's attorneys committed misconduct "repeated[ly] and . . . with impunity throughout the trial in front of the jury." *Young v. Corr. Healthcare Cos.*, 721 F. Supp. 3d 1209, 1218 (N.D. Okla. 2024). Specifically, it found that counsel "ma[de] speaking objections containing inadmissible and prejudicial statements,

3

ma[de] gratuitous, prejudicial comments during witness examinations, violat[ed] district-c]ourt orders, attempt[ed] to introduce evidence through improper means (such as reading from inadmissible documents not in evidence), assert[ed] facts not in evidence in closing, and ma[de] improper closing arguments." *Id.* at 1247–48. However, given "the overwhelming evidence as to CHC's liability," the district court concluded that the attorneys' misconduct did not warrant a new liability trial or remittitur of the jury's compensatory-damages award. *Id.* at 1217. Instead, because "it [wa]s reasonably probable that the cumulative effect of [the] misconduct influenced the jury's punitive[-]damages award," the district court partially granted CHC's motion and ordered Young to accept a reduced punitive-damages award of $7 million or opt for a new trial on punitive damages. *Id.* at 1218. Young, through the same attorneys whose misconduct the district court found warranted remittitur or a new trial, filed a notice rejecting remittitur and agreeing to a new trial on punitive damages.

Young's attorneys then filed a notice of appeal seeking review of the district court's misconduct findings. CHC moved to dismiss the appeal for lack of appellate jurisdiction.[1]

---

[1] After the parties fully briefed both the motion to dismiss and the merits, we set this appeal for oral argument in January 2025. We vacated that argument after CHC filed a notice of automatic bankruptcy stay on November 19, 2024. On January 28, 2025, the attorneys filed a notice attaching a "Stipulation and Agreed Order Regarding the Young Appeal" from the bankruptcy court that lifted the automatic bankruptcy stay to allow this appeal to proceed.

**Analysis**

Our jurisdiction is generally limited to appeals from "final decisions of the district courts." *Cunningham v. Hamilton Cnty.*, 527 U.S 198, 200 (1999) (quoting 28 U.S.C. § 1291). A "decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment' or complete a 'ministerial task.'" *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 995 (10th Cir. 2021) (quoting *Est. of Cummings v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 805 (10th Cir. 2018)). The finality requirement "preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice," *Microsoft Corp. v. Baker*, 582 U.S. 23, 36–37 (2017), by ensuring that parties "ordinarily raise all claims of error in a single appeal following final judgment on the merits," *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429–30 (1985) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

The district-court order at issue here was not a final decision. It offered Young the option of remittitur or a new trial, and she chose the latter. As such, the district court has far more to do than just execute a judgment or complete some ministerial task: indeed, it must conduct a new trial. *See Frank*, 992 F.3d at 995. Until the punitive-damages issue is resolved, then, there is no final decision on the merits. That is why, typically, "a plaintiff cannot immediately appeal the grant of a new trial when

5

he [or she] has rejected the remittitur."[2] *O'Gilvie v. Int'l Playtex, Inc.*, 821 F.2d 1438, 1448 (10th Cir. 1987); *see also Kanatser v. Chrysler Corp.,* 195 F.2d 104, 105 (10th Cir. 1952) (observing that "it is well settled that an order [granting a new trial] is not an appealable order").

Young's attorneys nevertheless suggest that *Butler v. Biocore Medical Technologies, Inc.*, 348 F.3d 1163 (10th Cir. 2003), overrides this principle for appeals of attorney-misconduct findings. Quoting one formulation of *Butler*'s holding—"an order finding that an attorney has committed an ethical violation . . . can be appealed as a final order under § 1291"—they argue that we have appellate jurisdiction over all misconduct appeals, regardless of finality. *Id.* at 1169. But we did not address finality in *Butler*. In fact, we clarified that the attorney appealed "*post*[]*judgment*" from portions of a district-court order that found him to have committed "ethical violations." *Id.* at 1167 (emphasis added). And we succinctly limited the issue before us to "when, if ever, an order . . . affecting an attorney's professional reputation imposes a *legally sufficient injury* to support appellate jurisdiction." *Id.* at 1167 (emphasis added). Finally, should there be any remaining question as to the

---

[2] By contrast, we have explained in a persuasive but unpublished decision that "[w]hen a district court enters an order denying a motion for a new trial on the condition that a plaintiff accept a remittitur for specified damages, the decision is deemed final once the plaintiff accepts the remittitur." *Been v. O.K. Indus., Inc.*, 398 F. App'x 382, 389 (10th Cir. 2010). Here, of course, Young did not accept the remittitur.

scope of our holding in *Butler*, we clarified "that an order finding ethical violations is appealable, *post*[]*judgment*, under § 1291."[3] *Id.* at 1168 (emphasis added).

Our interpretation of *Butler* is entirely consistent with our precedent, which holds that even a standalone "sanction order against an attorney . . . is not a final decision for purposes of a § 1291 appeal where the underlying controversy remains unresolved." *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 827 (10th Cir. 1990); *see also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1222 n.1 (10th Cir. 2015) ("A sanctioned attorney . . . may not take an interlocutory appeal."); *Cunningham*, 527 U.S. at 210 (holding that "an order imposing sanctions on an attorney . . . is not a final decision"). In other words, an appealing attorney may satisfy *Butler*'s injury standard without meeting § 1291's finality requirement, as is the case here. In such circumstances, "counsel must await the conclusion of the underlying lawsuit and then appeal under § 1291."[4] *Sun River Energy*, 800 F.3d at 1222 n.1 (quoting *G.J.B.*, 913 F.2d at 829).

---

[3] Young's attorneys originally captioned this appeal as a proceeding against the district-court judge, asserting that the judge is the appropriate appellee and "[n]either [p]laintiff nor [d]efendant has standing to be heard on this appeal" under *Butler*. Aplt. Br. 3. But neither *Butler* nor any other case cited by the attorneys was captioned as a proceeding against a judge, and not one calls into question CHC's standing here. CHC filed the new-trial motion that Young's attorneys now challenge, and in support of that motion, it argued that Young's attorneys committed misconduct—a position the district court agreed with. CHC clearly has a vested interest in defending the district court's decision granting it relief. So we recaptioned the case accordingly. *Cf.* 10th Cir. R. 27.5(A)(5) (noting clerk of court's authority to act for the court "to substitute parties").

[4] The out-of-circuit cases cited by Young's attorneys do not persuade us otherwise. The Ninth Circuit's ruling in *United States v. Talao*, 222 F.3d 1133 (9th Cir. 2000), was consolidated with a mandamus action and therefore did not address

In sum, the attorney-misconduct findings that Young's attorneys seek to appeal do not represent a final order under § 1291. Instead, the district court relied on those findings, at CHC's urging, to order remittitur or a new trial. Young chose a new trial, and that trial has not yet occurred, so the district court's order is not final. And because Young's attorneys offer no other basis for exercising appellate jurisdiction, we must dismiss this appeal.

## Conclusion

Appeal dismissed.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

finality—as the Ninth Circuit itself has since acknowledged. *See Lynn v. Gateway Unified Sch. Dist.*, 771 F.3d 1135, 1140 (9th Cir. 2014). And *Precision Specialty Metals, Inc. v. United States* concerned a standalone order imposing sanctions on counsel following a show-cause order and an independent hearing on the issue, very much unlike the order here, which is fully entwined with the merits of the punitive-damages issue that remains pending at the district court. 315 F.3d 1346, 1352–53 (Fed. Cir. 2003).