**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

AMY M. RUNKLE,

    Plaintiff - Appellant,

v.

STATE OF COLORADO; MICHAEL
MARTINEZ, Former Chief Judge; BRUCE
JONES, Judge; DARRYL SHOCKLEY,
Judge,

    Defendants - Appellees.

No. 25-1225
(D.C. No. 1:22-CV-03252-WJM-SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Amy M. Runkle filed this pro se federal lawsuit in December 2022 against the

State of Colorado, the City and County of Denver, and three Denver District Court

judges.  After initially referring to the termination of her parental rights, her

complaint went on to allege that in cases Ms. Runkle filed in Denver District Court,

the judges had ruled her claims frivolous and imposed filing restrictions; Judge

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Martinez threw out many of her filings; and she had been detained for a compelled mental health evaluation.

Defendants moved to dismiss and a magistrate judge recommended granting those motions. The district court adopted that recommendation, overruling Ms. Runkle's objections. It concluded her claims against Colorado and the judges were subject to dismissal on three grounds: the domestic relations exception to federal jurisdiction;[1] the *Rooker-Feldman* doctrine;[2] and Eleventh Amendment immunity.[3] The district court also agreed with the magistrate judge that the judges had not been properly served, and that Ms. Runkle had not plausibly alleged any claims against Denver. It dismissed her complaint without prejudice.

Following other proceedings, Ms. Runkle eventually filed a motion for leave to amend and a 98-page proposed amended complaint, seeking to re-assert claims against Colorado and the three judges. The proposed amendment focused on cases Ms. Runkle had filed in Denver District Court and challenged the filing restrictions that court imposed after she filed fifty-four pro se cases within a fourteen-month

---

[1] "The domestic relations exception divests federal courts of the power to issue divorce, alimony, and child custody decrees." *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017).

[2] "*Rooker-Feldman* bars a losing party's claim that the state judgment itself violates the loser's federal rights." *K. A. v. Barnes*, 134 F.4th 1067, 1074 (10th Cir. 2025) (internal quotation marks omitted).

[3] "The Eleventh Amendment generally bars suits against a state in federal court commenced by citizens of that state." *Id.* at 1073 (internal quotation marks omitted). "In particular, it bars suits seeking monetary damages from the State or its arms." *Id.* "If an agency is an arm of the state, its sovereign immunity from actions for damages extends to its officials sued in their official capacities." *Id.* at 1074.

period in 2020–2021. It also alleged Judge Martinez threw out hundreds of her filings and included allegations regarding appointment of a guardian ad litem and a compelled mental health evaluation. Ms. Runkle voluntarily dismissed Denver as a defendant.

The magistrate judge concluded the claims in the proposed amended complaint were subject to dismissal because (1) Eleventh Amendment immunity bars claims against Colorado and its judges in their official capacities, *see supra*, note 3; and (2) the judges are entitled to immunity against claims based on their judicial acts, *see Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." (internal quotation marks omitted)). The magistrate judge therefore concluded it would be futile to allow Ms. Runkle to amend her complaint and recommended the district court terminate the case without allowing her proposed amendment. The district court adopted that recommendation in full, overruling Ms. Runkle's objections, and entered final judgment.

Ms. Runkle timely appealed, challenging the district court's dismissal of her claims and denial of leave to file the proposed amended complaint. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo. *See Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 735 (10th Cir. 2024) (Eleventh Amendment immunity); *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (futility of proposed amendment); *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1192–93,

3

1195 (10th Cir. 2010) (*Rooker-Feldman* and absolute immunity); *Leathers v. Leathers*, 856 F.3d 729, 749, 756 (10th Cir. 2017) (domestic relations exception).

As the party appealing the district court's rulings, Ms. Runkle's "first task . . . is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015). "[A] tale of apparent injustice may assist in that task, but it cannot substitute for legal argument." *Id.* We liberally construe her pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But she must follow the same rules of procedure as other litigants, and we will not act as her advocate or make arguments for her. *See id.*

Mr. Runkle's briefs re-iterate her claim that defendants have violated her rights. She strongly maintains her objections to the filing restrictions and the alleged disposal of her court filings. She objects that the district court in this case gave too little attention to her rights and too much to the immunity doctrines. She describes the difficult circumstances and harms she has experienced as a homeless woman, and she argues the filing restrictions prevent her from pursuing legal remedies and violate the First, Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments.

However, Ms. Runkle's briefs do not comply with Federal Rule of Appellate Procedure 28(a) and (d). Her opening brief, among other things, does not state the issues presented for our review or include an argument section supported by citations to relevant legal authority and the record. *See Garrett*, 425 F.3d at 841 ("When a pro se litigant fails to comply with [Rule 28(a)], we cannot fill the void by crafting

4

arguments and performing the necessary legal research." (brackets and internal quotation marks omitted)).

Like the district court, we are sympathetic to the hardships Ms. Runkle describes. But the description of her circumstances cannot substitute for legal argument. *See Nixon*, 784 F.3d at 1366. We have discretion to look past her briefs' non-compliance with Rule 28. *See Garrett*, 425 F.3d at 841. But even doing so, she has not presented any arguments that challenge the district court's legal rulings, including that the Eleventh Amendment and absolute judicial immunity prevent her from bringing claims in federal court against Colorado and the judges. *See Free Speech Coal.*, 119 F.4th at 735–36; *Whitesel*, 222 F.3d at 867. [4] We therefore affirm. *See Nixon*, 784 F.3d at 1366; *see also Garrett*, 425 F.3d at 841 (stating that that to adequately present issues for appeal, a party's briefs must contain "more than a generalized assertion of error" and "[i]ssues will be deemed waived if they are not adequately briefed" (internal quotation marks omitted)).

Entered for the Court

Per Curiam

---

[4] Ms. Runkle's reply brief does make arguments regarding her efforts to effect service on the judges. But because we affirm the district court's conclusion that immunity barred her claims, we do not need to resolve the separate question of whether the judges were properly served. *See Est. of Cummings ex rel. Montoya v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 798 (10th Cir. 2018) ("[A] federal court need not address its jurisdiction when it can dismiss the case on another ground that does not require determining the merits.").